## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARQUISE RASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-768-G |
| | ) | |
| AARON MALLOY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Marquise Rasco, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. *See* Compl. (Doc. No. 1). Upon review of Plaintiff's Complaint, the Court finds that all federal claims asserted by Plaintiff should be dismissed.

*I.      Standard of Review and the Court's Screening Obligation*

The Court is obligated to conduct an initial review of Plaintiff's Complaint to identify its cognizable claims and to dismiss the pleading, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). A pro se litigant's complaint must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The broad construction of a pro se plaintiff's allegations does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). In evaluating whether a plaintiff has stated a valid claim, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

II.     *Plaintiff's Allegations*

Plaintiff's Complaint names the following Defendants: Detective Aaron Malloy, District Attorney Fred C. Smith, and Comanche County Board Members. Compl. at 1, 4-5.[1] Defendants Malloy and Smith are sued in both their individual and official capacities. *Id.* at 4. The Comanche County Board Member Defendants are sued in their official capacities. *Id.*

Plaintiff alleges that on or about June 7, 2015, Defendants Malloy and Smith[2] "charged [Plaintiff] with false charges" and that Plaintiff was subsequently held "against

---

[1] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system. When quoting from Plaintiff's filings, the undersigned has occasionally corrected capitalization, punctuation, and unambiguous abbreviations or spelling errors to improve readability.

[2] Insofar as Plaintiff is suing Defendant Smith for "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur[red] in the course of his role

[his] will." Compl. at 7; Compl. Ex. 1 (Doc. No. 1-1) at 1. Plaintiff was charged with murder in the first degree, robbery in the first degree, and assault with a deadly weapon. Compl. at 7-9; Compl. Ex. 1 at 1. Plaintiff further alleges that the $850,000 bail set upon his arrest was "unreasonable." Compl. at 7; *see also* Compl. Ex. 1 at 1. After being held in jail from May 25, 2015, to September 29, 2016, Plaintiff was acquitted by a jury of each charge. Compl. at 7; Compl. Ex. 1 at 1. Plaintiff seeks monetary damages for "time and wages lost, the defamation of character, and/or [posttraumatic stress disorder]." Compl. at 9; *see id.* at 8.

III. *Discussion*

Liberally construing the Complaint, Plaintiff attempts to assert federal claims pursuant to 42 U.S.C. § 1983 based on alleged violations of the United States Constitution. Section 1983 provides redress against those persons who, under color of state law, deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.[3] To state a claim under § 1983, a plaintiff must allege that he has been deprived of a federal right and that the person who deprived him of that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's allegations, liberally construed, raise two potential § 1983 claims: (1) a malicious-prosecution claim based on the Fourth Amendment's prohibition against unreasonable

---

as an advocate for the State," Defendant Smith enjoys absolute immunity from § 1983 liability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[3] "'Section 1983 itself does not create any substantive rights.'" *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (citation omitted). Rather, it "is a remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Id.*

seizures and the Fourteenth Amendment's protections against deprivations of liberty without due process of law; and (2) an excessive bail claim based on the Eighth Amendment's prohibition against excessive bail.

a. Malicious-Prosecution Claim

Plaintiff's malicious-prosecution claim implicates the Fourth Amendment and the Fourteenth Amendment. Under neither theory, however, has Plaintiff stated a plausible claim.

First, the facts alleged by Plaintiff do not plausibly reflect a violation of the Fourth Amendment. Though the Supreme Court has "not addressed whether a § 1983 malicious prosecution claim can be used to enforce Fourth Amendment rights," the Tenth Circuit has repeatedly recognized that "at least prior to trial, the relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be the Fourth Amendment's right to be free from unreasonable seizures." *Margheim v. Buljko*, 855 F.3d 1077, 1082, 1085 (10th Cir. 2017) (internal quotation marks omitted). To establish such a claim, a plaintiff must show:

(1) the defendant caused the plaintiff's continued confinement or prosecution;
(2) the original action terminated in favor of the plaintiff;
(3) no probable cause supported the original arrest, continued confinement, or prosecution;
(4) the defendant acted with malice; and
(5) the plaintiff sustained damages.

*Id.* (internal quotation marks omitted).

Plaintiff fails to allege any facts to plausibly support the third or fourth of these elements. Plaintiff alleges that he was ultimately acquitted on the criminal charges brought against him in state court, but this fact does not, by itself, reasonably demonstrate a lack of probable cause or any malice attributable to the Defendants. *See Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1124 (10th Cir. 1979) ("Mere acquittal on the criminal charge does not establish lack of probable cause."). Plaintiff does not allege facts that would permit a reasonable inference that the decisions to arrest, detain, and prosecute him were made without probable cause, or that the Defendants acted with malice in making those decisions. *Cf. Wilkins v. DeReyes*, 528 F.3d 790, 799-801 (10th Cir. 2008) (affirming the district court's finding of disputed fact issue with respect to officers' malice where plaintiff presented evidence that the officers had coerced false statements).

Second, the facts alleged by Plaintiff do not plausibly reflect a violation of the due process clause of the Fourteenth Amendment. This guarantee encompasses two distinct forms of protection: (1) procedural due process, which requires political subdivisions and government officials to employ fair procedures when depriving a person of a protected liberty or property interest; and (2) substantive due process, which "'bar[s] certain government actions regardless of the fairness of the procedures used to implement them.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840, 845-46 (1998) (quotation and further citation omitted). In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court "seemed to agree that the 'substantive' component of the Fourteenth Amendment's due process clause" did not support a malicious-prosecution claim but left open the possibility that the "'procedural' component of the due process guarantee" might serve as a "potential

candidate" to support such a claim.  *Cordova v. City of Albuquerque*, 816 F.3d 645, 662 (10th Cir. 2016) (Gorsuch, J., concurring in the judgment).

A state's deprivation of life, liberty, or property will not, however, effect a violation of an individual's federal procedural due process rights "so long as [the state] provides an adequate remedy for the deprivation."  *Id.*  Thus, even if the Court were to assume that Plaintiff had alleged facts sufficient to show that a Defendant had improperly obtained an arrest warrant, or that the legal process afforded Plaintiff in the course of charging and detaining him was "unauthorized," it remains the case that "an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements."  *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

"Oklahoma provides an adequate post-deprivation remedy through a state tort claim for malicious prosecution."  *Parks v. Watts*, No. CIV-14-359-M, 2015 WL 12915678, at *8 (W.D. Okla. Mar. 6, 2015) (R. & R.), *adopted*, 2015 WL 12915679 (W.D. Okla. Sept. 1, 2015) (citation and internal quotation marks omitted), *aff'd*, 641 F. App'x 841 (10th Cir. 2016).  Because Oklahoma law provides an adequate remedy for the deprivation alleged by Plaintiff, he has failed to plausibly allege a violation of his Fourteenth Amendment procedural due process rights.  *See id.*; *Parkins v. Guthrie Police Dep't*, No. CIV-17-1207-M, 2018 WL 1976480, at *2 (W.D. Okla. Mar. 26, 2018) (R. & R.), *adopted*, 2018 WL 1975689 (W.D. Okla. Apr. 26, 2018); *Alfred v. Alfred*, No. CIV-17-273-C, 2017 WL 4563889, at *3 (W.D. Okla. Sept. 5, 2017) (R. & R.), *adopted*, 2017 WL 4563062 (W.D. Okla. Oct. 12, 2017); *see also Gutierrez v. Gray*, No. 12-CV-263-JED-TLW, 2014 WL 4924446, at *3 (N.D. Okla. Sept. 30, 2014) ("Because Oklahoma recognizes a tort action

for malicious prosecution, plaintiff's claims under the Due Process Clause of the Fourteenth Amendment fail." (citing *Greenberg v. Wolfburg*, 890 P.2d 895 (Okla. 1994))).

Having failed to state a plausible Fourth or Fourteenth Amendment violation by any named Defendant, Plaintiff's § 1983 claims based on those rights should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).[4]

b. Excessive-Bail Claim

The Eighth Amendment prohibits the imposition of bail conditions that are excessive in light of the valid interests the government seeks to protect, such as "insur[ing] the appearance of the accused at trial." *Meechaicum v. Fountain*, 696 F.2d 790, 791 (10th Cir. 1983); *see also United States v. Salerno*, 481 U.S. 739, 754 (1987). Liberally construed, Plaintiff contends that the $850,000 bail requirement imposed as a condition of his release violated the Eighth Amendment. Compl. at 7; Compl. Ex. 1 at 1. Plaintiff contends that this bail requirement was "unreasonable" and "too high for the average working citizen to make." *Id*.

It is evident from the face of the Complaint that Plaintiff's excessive-bail claim is subject to dismissal as time-barred by the relevant statute of limitations. "The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose, and, in Oklahoma, that period is two years." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (citation omitted) (citing Okla. Stat. tit.

---

[4] The absence of an underlying constitutional violation precludes § 1983 liability against the Defendants in both their individual and official capacities. *See, e.g., Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316-17 (10th Cir. 1998).

12, § 95(A)(3)).  Although the length of the limitations period is determined by reference

to the law of the forum state, accrual of the federal cause of action—which "dictates when

the statute of limitations begins to run for purposes of § 1983"—is determined by federal

law.  *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998);

*McCarty*, 646 F.3d at 1289.  In this regard, the Tenth Circuit has explained:

> A civil rights action accrues when the plaintiff knows or has reason to know
> of the injury which is the basis of the action.  Since the injury in a § 1983
> case is the violation of a constitutional right, such claims accrue when the
> plaintiff knows or should know that his or her constitutional rights have been
> violated.  This requires the court to identify the constitutional violation and
> locate it in time.

*Smith*, 149 F.3d at 1154 (citations and internal quotation marks omitted).

State-court records show that Plaintiff's bail was set at $850,000 on June 18, 2015.

*See State v. Rasco*, No. CF-2015-290 (Comanche Cty. Dist. Ct. filed June 18, 2015));[5]

Compl. at 7-8 (Plaintiff alleging that he was incarcerated from May 25, 2015, to September

29, 2016, due to his inability to pay the $850,000 bail).  Plaintiff's two-year § 1983

limitations period therefore expired on June 18, 2017.  *See Calia v. Morrison*, 54 F.3d 787,

1995 WL 311750, at *2 (10th Cir. 1995) (noting that § 1983 limitations period for

excessive-bail claim "accrued when the underlying events occurred").  Because Plaintiff's

Complaint was not filed until August 10, 2018—over three years after the alleged Eighth

Amendment violation underlying Plaintiff's excessive bail claim—the limitations period

---

[5] The undersigned takes judicial notice of the proceedings and filings of the docket for
Petitioner's criminal case (Case No. CF-2015-290), which is publicly available through
http://www.oscn.net.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir.
2007).

for that claim had expired.  Accordingly, this claim should be dismissed with prejudice as time-barred. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1); *Davis v. Okla. Cty.*, No. CIV-08-550-HE, 2009 WL 4264870, at *1-2 & n.16 (W.D. Okla. Nov. 23, 2009) (dismissing § 1983 claims with prejudice sua sponte due to untimeliness); *see generally Curley v. Perry*, 246 F.3d 1278, 1282-84 (10th Cir. 2001) (affirming district court's sua sponte dismissal with prejudice of § 1983 complaint for failure to state a claim where "amendment would be futile").

   c.  State-Law Claims

To the extent Plaintiff alleges violations of Oklahoma law—including through his references to "slander" and "defamation," *see* Compl. at 7, 8; Compl. Ex. 1 at 1—the Court declines to exercise jurisdiction over such claims.  "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith*, 149 F.3d at 1156; *see also* 28 U.S.C. § 1367(c)(3).

CONCLUSION

For the foregoing reasons, the Court orders that:

(1) Plaintiff's malicious-prosecution claim based on the Fourth and Fourteenth Amendments is dismissed without prejudice for failure to state a claim upon which relief may be granted; and

(2)  Plaintiff's excessive-bail claim based on the Eighth Amendment is dismissed with prejudice as untimely;

The Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. The dismissal of Plaintiff's Complaint qualifies as a prior-occasion "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 30th day of November, 2018.

CHARLES B. GOODWIN
United States District Judge